UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Wesley C. Fletcher</u>

    v.                                    Civil No. 13-cv-504-JD
                                                Opinion No. 2014 DNH 121
<u>Seterus, Inc.</u>


<u>O R D E R</u>

    Wesley Fletcher, proceeding pro se, brought suit in state court against Seterus, Inc., alleging claims for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Seterus removed the case to this court and moved to dismiss the complaint. While the motion to dismiss was pending, Fletcher filed an amended complaint, which asserted only the RESPA claim. Seterus moves to dismiss the amended complaint. Fletcher objects.


<u>Background</u>

    Sometime prior to July of 2010, Wesley Fletcher entered into a loan which was secured by a mortgage on property located at 434 Bahia Beach Boulevard in Ruskin, Florida ("Florida property"). On July 10, 2010, Seterus assumed the servicing rights on the loan.[1]

    On October 4, 2010, Fletcher called Seterus because his monthly escrow bill for his property taxes had increased even

---

[1] Fletcher does not allege who held the servicing rights on the loan prior to July 1, 2010.

though the actual property taxes had decreased. Fletcher alleges that a representative from Seterus informed him that he could pay the original monthly escrow payment.

On October 28, 2010, after noticing that the additional charges for the escrow payment had not been corrected and that he had been charged a late fee, Fletcher called Seterus again. A representative told him that the monthly escrow payment could not be corrected unless Seterus received a written letter from Fletcher, and that Fletcher should pay the increased amount until the issue was corrected.

On November 4, 2010, Fletcher faxed a letter to Seterus regarding the issue concerning his escrow payment. Fletcher included with the letter his current tax bill, and he confirmed receipt by telephone.

Fletcher received a written response from Seterus on February 9, 2011. The letter informed Fletcher that his monthly escrow bill had been corrected to the original amount, and that he could begin to pay the original amount in his upcoming March 1, 2011, payment. The letter also stated that Fletcher's unpaid late fees were not credited, and that Fletcher's account had been reported as delinquent to credit agencies.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss on the ground that the plaintiff's complaint fails to state a claim on which relief can be granted. In

assessing a complaint for purposes of a motion to dismiss, the court "separate[s] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotation marks omitted). "If the facts alleged in [the complaint] allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged, the claim has facial plausibility." Id. (internal quotation marks omitted).

With its motion to dismiss, Seterus included several document as exhibits, including Fletcher's mortgage on the Florida property and a judgment Fletcher obtained in a landlord-tenant action involving the property. In his objection, Fletcher included his loan application for the Florida property. When the moving party presents matters outside the pleadings to support a motion to dismiss, the court must either exclude those matters or convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d). An exception to Rule 12(d) exists "for documents the authenticity of which [is] not disputed by the parties; for official public records; for documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (internal quotation marks omitted). In addition, the court may consider documents that are susceptible to judicial notice. Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st

3

Cir. 2005). Fletcher does not dispute the authenticity of the documents included with Seterus's motion to dismiss. Fletcher's loan application is integral to his claim in this case. Therefore, these additional documents submitted by the parties may be considered without converting the motion to one for summary judgment.[2]

## Discussion

Fletcher alleges that Seterus violated RESPA by (i) exceeding the sixty day time period to respond to his "qualified written request"; (ii) failing to credit late fees; and (iii) reporting delinquencies to consumer reporting agencies during the sixty day time period. Seterus moves to dismiss, arguing that Fletcher fails to allege that RESPA applies to his loan. Seterus further argues that the property for which Fletcher obtained the loan was used primarily for business or commercial purposes, to which RESPA does not apply.

RESPA does not "apply to credit transactions involving extensions of credit . . . primarily for a business, commercial, or agricultural purpose." 12 U.S.C. § 2606(a). Such credit transactions "includ[e] mortgage loans on non-owner-occupied rental properties." Edwards v. Ocwen Loan Servicing, LLC, --- F. Supp. 2d ---, 2014 WL 861996, at *3 (D.D.C. Mar. 5, 2014); see

---

[2]Fletcher also included as exhibits to his objection an affidavit and a "Uniformed Final Judgment of Foreclosure." The court did not consider either document when ruling on Seterus's motion to dismiss.

also Johnson v. Wells Fargo Home Mortg., Inc., 635 F.3d 401, 417 (9th Cir. 2011).

"Whether an investment loan is for a personal or a business purpose requires a case by case analysis." Thorns v. Sundance Props., 726 F.2d 1417, 1419 (9th Cir. 1984). The "inquiry is largely fact-based." Daniels v. SCME Mort. Bankers, Inc., 680 F. Supp. 2d 1126, 1129 (C.D. Cal. 2010). The analysis requires an examination of several factors, including "the relationship of the borrower's primary occupation to the acquisition," "the degree to which the borrower will personally manage the acquisition," "the ratio of income from the acquisition to the total income of the borrower," "the size of the transaction," and the "borrower's statement of purpose for the loan." Martin v. Litton Loan Servicing LP, 2014 WL 977507, at *8 (E.D. Cal. Mar. 12, 2014) (quoting Thorn, 726 F.2d at 1419).

Seterus includes two documents with its motion to dismiss, which it contends, taken together, conclusively demonstrate that Fletcher's loan was for a business purpose. The first document is the mortgage for the Florida property, in which Fletcher listed his "post-office address" as 251 Gilman Hill Road in Mason, New Hampshire. The second document is a judgment for possession of the Florida property obtained by Fletcher in 2012 against a tenant. Seterus contends that these two documents taken together show that Fletcher resided in New Hampshire at the time he obtained the loan to purchase the Florida property, and that Fletcher rented out the property to tenants. Seterus argues

that, therefore, Fletcher obtained his loan for the Florida property for a business purpose and RESPA does not apply to the loan.

Fletcher objects to the motion, arguing that RESPA does apply to the loan. Fletcher contends that he "purchased [the Florida] property with the intent of personal use," and that "due to extreme situations in the real estate market and pay reductions at work [he] has not yet been able to use the property as intended . . . ." In addition, Fletcher includes as an exhibit to his objection the loan application for the Florida property, in which he states that the Florida property will be his "secondary residence."

The allegations in the complaint, along with Fletcher's loan application, indicate that Fletcher bought the Florida property as a second home. Seterus suggests that Fletcher later rented the property. At this stage, the court is unable to determine whether Fletcher's mortgage was primarily for a business or commercial purpose. Cf. Schwartz v. World Savings Bank, 2012 WL 993295, at *4 (W.D. Wash. Mar. 23, 2012) (granting summary judgment for defendant on RESPA claim because "Plaintiffs' loan application [stated] that their loan was for 'investment' purposes, rather than for a 'primary residence' or 'secondary residence'"). Therefore, the court cannot resolve the issue of

whether RESPA applies to Fletcher's loan for the Florida property in the context of a motion to dismiss.[3]

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 12) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 29, 2014

cc:  Wesley C. Fletcher, pro se
     Richard C. Demerle, Esq.

---

[3] Seterus also argues that Fletcher's complaint should be dismissed because it does not specifically allege that the loan was made for a personal purpose. Even if such a deficiency could be grounds for dismissal, in view of Fletcher's pro se status, the court will construe the complaint to allege that the loan was for a second home. See Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990); Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).